UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE TORRES, AND JULIO BANOS, individually and on behalf of others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:13-cv-00723-G |
| EMPIRE ENVIRONMENTAL GROUP, LLC | § § | |
| Defendant. | § § | |

**DEFENDANT'S RESPONSE TO MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS**

Defendant Empire Environmental Group, LLC hereby responds to Plaintiffs' Motion for Award of Attorneys' Fees and Costs, as follows:

## I.    INTRODUCTION AND BACKGROUND

On February 13, 2013, Plaintiffs brought this suit against Defendant asserting claims under the Fair Labor Standards Act. [Dkt. No. 1]. On March 7, 2013, Defendant filed its answer to the Complaint. [Dkt. No. 1, 6]. Less than two months after filing its answer, on May 6, 2013, Defendant served Plaintiffs with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, and offered to settle all claims for an amount equal to more than all wages and liquidated damages that Plaintiffs sought, plus attorneys' fees and costs then accrued. [Dkt. No. 14-1]. On May 15, 2013, Plaintiffs accepted the Offer of Judgment.

Given that just two months after Defendant filed its answer, Defendant also offered to settle this case for more than what Plaintiffs were seeking, and that there were no novel issues to address, Plaintiffs' request that the Court award them $21,720.00 in attorneys' fees is unreasonable. First, Plaintiffs ask the Court to find that over 47 hours is a reasonable amount of

time to spend preparing a motion for conditional certification.  This amount of time is far outside of the customary amount of time required to prepare a motion for conditional certification. Counsel for Defendant recently filed a similar motion and spent less than 15 hours preparing the motion and all supporting documentation.  Plaintiffs' request not only fails because it is outside of what is customary or necessary, but it also fails because the time entries Plaintiffs rely upon to support their 47 hours of work are vague, describe tasks in block billing format, and fail to describe with specificity the tasks that were performed.  Therefore, Defendant request that the Court reduce the attorneys' fees attributed by Messrs. Ginsberg and Weinberg to prepare the motion for conditional certification by 65% ($9,512.75) and award Plaintiffs no more than $5,122.25 for the time required to prepare the motion or conditional certification.

Second, Plaintiffs did not present any evidence of John C. Allen's qualifications or experience, but ask the Court to award $900.00 in attorneys' fees for time he spent working on the case.  Not only does Mr. Allen's time appear to be duplicative of tasks Mr. Weinberg also performed, but Mr. Allen's time is also unreasonable because there is no evidence that he was qualified to perform the tasks, that the time he spent was reasonable, or that the rate he charged was reasonable.  Therefore, Defendant requests that the Court deny Plaintiffs' request to include the time attributed to Mr. Allen in the calculation of reasonable attorneys' fees.

Third, Plaintiffs ask the Court to award them attorneys' fees spent on administrative tasks, such as faxing documents.  The Court should reject Plaintiffs' contention that they are entitled to recover $425.00 in "attorneys' fees" for time spent sending five documents by fax. Therefore, Defendant requests that the Court deny Plaintiffs' request to include the $425.00 of fees attributed to Mr. Ginsberg for faxing documents in the calculation of reasonable attorneys' fees.

Fourth, Plaintiffs are requesting that the Court award them $1,760.00 in attorneys' fees that were incurred after Defendant made its offer of judgment. Defendant made an unequivocal offer to pay Plaintiffs more than their wages and liquidated damages, plus an additional amount for costs and attorneys' fees then accrued as of May 6, 2013. Defendant did not offer to pay Plaintiffs for attorneys' fees accrued after May 6, 2013, and therefore, the Court should deny Plaintiffs' request for that additional amount.

Fifth, Plaintiffs included 1.6 hours of time ($480.00) to "[d]raft joint status report" after the Joint Status Report was filed. Any time that Plaintiffs' counsel spent working on the joint report after it was filed was unnecessary.

Defendant also requests that the Court deny Plaintiffs' request for reimbursement of expenses that are not supported by evidence. Plaintiffs are seeking reimbursement of over $360.00 for "photocopies" and "reproduction expense[s]" but there is no evidence of the rate charged or what was copied. Plaintiffs' also seek reimbursement of costs paid to "Confidential Communications International" and "Federal Express," but failed to provide any evidence to support those costs. All of these costs should be denied because they are not supported by evidence.

Therefore, Defendant requests that the Court reduce Plaintiffs' attorney fee award by $13,077.75, and award a total amount of $8,092.25 as reasonable attorneys' fees, and deny Plaintiffs' request to recover costs that are not substantiated with evidence.

## II.     ARGUMENT AND AUTHORITIES

The calculation of reasonable attorneys' fees begins with "determin[ing] the compensable hours from the attorneys' time records, including only hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). Compensable hours may be reduced where

documentation is inadequate, or where hours are "excessive, redundant, or otherwise unnecessary." *Barrow v. Greenville Indep. Sch. Dist.*, Civ. No. 3:00-CV-0913-D, 2005 WL 6789456, at *2 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and *Shipes*, 987 F.2d at 319).   The fee applicant bears the burden to establish both the number of hours and the rate.  *Id*; *see also Paris v. Dallas Airmotive, Inc.*, No. Civ. A. 3:97-CV-0208, 2004 WL 2100227, at *4 (N.D. Tex. Sept. 21, 2004) (Lindsay, J.).   After multiplying the rate by compensable hours to reach a "lodestar" amount, the court must determine whether the lodestar should be adjusted based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*.  *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).   Those factors include:  1) time and labor required; 2) customary fee; 3) counsel's experience and ability; 4) awards in similar cases.  *Id.*

Defendant requests that the Court reduce Plaintiffs' request for reasonable attorneys' fees from $21,720.00 to $8,092.25, because Plaintiff's failed to present evidence to support the reasonableness of the fees requested.

## A.       Plaintiffs' Request for Over $14,000.00 in Attorneys' Fees Relating to the Motion for Conditional Certification is Unreasonable.

Plaintiffs assert that it was reasonable to dedicate three attorneys to researching, drafting, and filing the motion for conditional certification.  Together, the three attorneys purport to have spent 47.5 hours to prepare the motion.  [Dkt. Nos. 14-2, 14-3].  Defendant asks the Court to find that the time is inflated by at least 65%.  Counsel for Defendant recently prepared a motion for conditional certification in a Fair Labor Standards Act case, which was granted by the United States District Court for the Eastern District of Texas on June 14, 2013. *See* App. at 2, ¶ 7. Counsel for Defendant spent 14.67 hours to meet with her clients, prepare declarations in support of the motion, and prepare and file the motion.  *See id.*, ¶ 8. Therefore, Defendant request that the

Court find that 47.5 hours of attorney time to prepare the motion for conditional certification was unreasonable.

Defendant also requests that the Court find that Plaintiffs request for 47.5 hours is unreasonable because many of the time entries relating to time spent preparing the motion for conditional certification were recorded in block billing format with vague task descriptions. [Dkt. Nos. 14-2, 14-3]; *see also* App. at 2-5, ¶¶ 9-13.  This makes it difficult to determine what counsel for Plaintiffs accomplished in the 47.5 recorded hours and conduct a meaningful review to determine the precise number of hours that should have been reduced in each time entry.  *See Barrow*, 2005 WL 6789456, at *11-12 (refusing to award attorneys' fees for services described in time block billed entries stating "review file," "review correspondence," "phone conference with co-counsel," and "legal research").

Plaintiffs' counsel frequently include research and drafting time in time entries with other activities, which makes it difficult to determine whether the amount of time spent on each task was reasonable.  Mr. Weinberg reported 17.9 hours of "research" in time entries that also include tasks such as telephone conferences.  It is unclear how much of that time is actually research, but 17.9 hours to research the law that governs a motion for conditional certification is unreasonable. *See* App. at 6, ¶ 13.  Mr. Weinberg also reported 24 hours of "drafting" in time entries that also include tasks such as telephone conferences.  This amount of time is also unreasonable.  *See id.*

Given that the amount of time that Plaintiffs assert was spent preparing a motion for conditional certification is far greater than what is customary and Plaintiffs' inadequate billing records prohibit the Court from conducting a meaningful review of whether the tasks performed were reasonable, Defendant requests that the Court reduce the attorneys' fees reflecting Messrs. Ginsberg's and Weinberg's time spent working on the motion for conditional certification by

65% ($9,512.75) and find that fees in the amount of $5,122.25 are reasonable for the work performed.

**B.        Plaintiffs' Additional Inadequately-Documented Fees Should Be Reduced.**

Plaintiffs' improper block billing and vague time entries were not limited to their work on the conditional class certification issue.  On March 29, 2013, April 5, 2013, and May 9, 2013, Mr. Weinberg's time records couple Mr. Weinberg's telephone conferences with other tasks.  On March 29, 2013, Mr. Weinberg reports 1.6 hours for the following two tasks:  (1) "Draft joint status report;" and (2) "Telephone conference with Mr. [sic] Moore."  [Dkt. No. 14-2 at 5].  The parties filed the Joint Status report on March 28, 2013 [Dkt. No. 9].  Therefore, it is unclear what specific tasks relating to the report, which was already filed, Mr. Weinberg performed on March 29, 2013, and how much of the 1.6 hours the tasks required to complete.

Due to Plaintiffs' failure to provide accurate and descript time entries, Defendant requests that the Court find that the 1.6 hours recorded by Mr. Weinberg Mary 29, 2013, working on the Joint Report after it was filed were unreasonable, and reduce Plaintiffs' fee award by $480.00.00.

**C.        There is No Evidence to Support a Finding that Mr. Allen's Fees are Reasonable Because Plaintiffs Failed to Present Evidence of Mr. Allen's Experience or Qualifications and the Tasks He Performed Were Duplicative of Mr. Weinberg's Work.**

The burden to substantiate requested hours and hourly rates rests upon the fee applicant. *Seastrunct v. Darwell Integrated Tech., Inc.*, Civ. No. 3:05-CV-0531-BF, 2009 WL 2705511, at *6 (N.D. Tex. Aug. 27, 2009) (Stickney, Maj.) (citing *Hensley v. Echkerhart*, 461 U.S. 424, 437 (1983)).  Plaintiffs' requested time entries for attorney John C. Allen are unsupported because there is no evidence of Mr. Allen's qualifications or experience.  Also, it appears from the vague time entries produced that the work performed by Mr. Allen was duplicative of work performed by Mr. Weinberg.

Plaintiffs submitted declarations of Mr. Ginsberg and Mr. Weinberg regarding their experience, hourly rates, and time spent on this matter. [Dkt. Nos. 14-2, 14-3]. They failed to present any evidence, however, of John C. Allen's qualifications or experience. Without such evidence, the Court cannot determine whether Mr. Allen's $300 hourly rate is reasonable, or whether the time he allegedly spent on various tasks was reasonable.

Moreover, it appears that all of the work performed by Mr. Allen is duplicative of work performed by Mr. Weinberg. [Dkt No. 14-2 at 5-6]. On March 7, 2013, Mr. Weinberg recorded 5.1 for tasks including "review answer and preliminary order[.]" [Dkt. No. 14-2 at 5]. On March 8, 2013, Mr. Allen recorded .4 hours for "[r]eceipt and review of answer; receipt and review of court's order regarding status report." [*Id.*] On March 26, 2013, Mr. Weinberg recorded 1.3 hours for "[d]raft[ing] status report order." [*Id.*] On March 27, 2013, Mr. Allen recorded .4 for "[r]eview and revise joint response to status report." [*Id.*] On April 1, 2013, Mr. Weinberg recorded 3.7 hours for "[c]ontinu[ing to draft] motion for conditional certification. [Dkt. No. 14-2 at 6]. On April 2, 2013, Mr. Allen recorded .4 hours for "[r]eview[ing] motion for conditional certification." [*Id.*]

Defendant, therefore, asks that the Court find that Mr. Allen's hours are not reasonable, and reduce Plaintiff's request for fees by $900.00.00.

## D.     Plaintiffs' Post-Offer Attorneys' Fees Were Not Included in the Offer of Judgment.

Plaintiffs' compensable attorney time is necessarily limited to the hours spent by Plaintiffs' attorneys *before* Defendant made its Offer of Judgment on May 6, 2013. Neither Rule 68 of the Federal Rules of Civil Procedure, nor the May 6 Offer of Judgment at issue, allows for Plaintiffs to recover attorneys' fees accrued after the Offer of Judgment was made. Nevertheless, Plaintiffs seek to tack $1,760 in post-offer fees onto their attorneys'-fee award. [Dkt. Nos. 14-2

at 6 and 14-3 at 6].  The Court should deny Plaintiffs' request for these fees.

Both Rule 68 and the Offer of Judgment in this case require the Court to cut off costs and fees as of the May 6, 2013 offer date.  Rule 68 expressly provides that "[m]ore than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*."  FED. R. CIV. P. 68 (emphasis added).  If an offer is accepted, the rule contemplates entry of judgment on the terms specified in the offer, plus *pre-offer* costs.  *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008) (examining offer of judgment for any language "altering the normal operation of Rule 68 to allow Plaintiff to recover [costs and fees] beyond [the offer date]").  Rule 68 simply does not contemplate an award of post-offer costs or attorneys' fees.

Nor does the Offer of Judgment in this case alter Rule 68's operation to allow for an award of post-offer fees.  "Courts apply general contract principles to interpret Rule 68 offers of judgment."  *Basha v. Mitsubishi Motor Credit of Amer., Inc.*, 336 F.3d 451, 453 (5th Cir. 2003) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988)).  In *Cruz v. Transworld Systems, Inc.*, for example, the Eastern District of Texas held that where "[t]he offer of judgment explicitly allow[ed] for reasonable attorney's fees accrued '*through the date*' of the offer," only those fees generated before the offer date were recoverable.  *Cruz v. Transworld Sys., Inc.*, Case No. 4:08-CV-197, 2009 WL 1269580, at *1 (E.D. Tex. May 7, 2009) (citing *Grissom*, 549 F.3d at 320).  Similarly, here, the May 6 Offer of Judgment offers "all costs then accrued and reasonable attorneys' fees as determined by the Court."  Because the Offer of Judgment does not assume any obligation to pay for post-offer costs and fees, and is expressly limited to fees accrued prior to the offer, any award of attorneys' fees must be limited to pre-Offer fees.

Therefore, Defendant requests that the Court find that Plaintiffs are not entitled to attorneys' fees incurred after May 6, 2013, and reduce Plaintiffs' request for attorneys' fees by $1760.00.00.

**E.        Attorney Time Spent on Clerical Work is Not Reasonable.**

Plaintiffs seek fees of $425.00 for time spent by Mr. Ginsberg to fax documents.  [Dkt. No. 14-3 at 5-6 (Mr. Ginsberg's time entries of March 26, 2013; April 5, 2013; April 11, 2013; April 16, 2013; and April 29, 2013).[1]  This time is unreasonable because faxing documents is an administrative task, not legal work.

Therefore, Defendant requests that the Court deny Plaintiffs' request to include time for faxing documents in their award of reasonable attorneys' fees, and reduce Plaintiffs' award by $425.00.

**F.        Plaintiffs' Costs are Unsupported.**

Although Plaintiffs' motion is entitled "Motion for Award of Attorneys' Fees and Costs," Plaintiffs have submitted no evidence of costs, other than an unsupported and unsubstantiated invoice for Mr. Weinberg's firm listing $910.04 in "TOTAL EXPENSES."  [Dkt. No. 14-2 at 7]. Notably, Mr. Weinberg's declaration attests that the attorneys' fees set forth on his firm's invoice were "reasonable and necessary," but he says nothing about these expenses.  He does not declare that the costs were necessarily incurred, or even that they relate to this case.  *Cf. Barrow*, 2005 WL 6789456, at *27-28 (requiring, under 28 U.S.C. § 1924, that a party seeking costs attach an affidavit to a bill of costs declaring that the items are correct and have been necessarily incurred in the case).  For this reason, Defendants request that the $910.04 listed on the invoice be

---

[1] Mr. Ginsberg's March 26, 2013 time entry includes "read[ing] letter from opposing counsel re: Join Report to court and fax[ing] to co-counsel."  Because this time is block-billed, it is unclear how long Mr. Ginsberg spent reading the letter and how long he spent faxing it.  However, each of Mr. Ginsberg's other time entries for faxing documents is .3 hours.  Defendant therefore assumes that .3 of the .4 hours recorded on March 26, 2013 were spent faxing.  Also, on April 29, 2013, Mr. Ginsberg reported .3 hours to fax a document at an hourly rate of $250, but incorrectly calculated this fee to equal $125, rather than $75.

excluded from the Court's award of costs and reasonable attorneys' fees.  [Dkt. No. 14-2 at 7].

## III.    CONCLUSION

Plaintiffs' are requesting $21,170.00 in attorneys' fees.   Based on the foregoing, Defendant respectfully request that the Court award $8,092.25 in reasonable attorneys' fees. Defendant's request that the Court reduce the fees awarded to Plaintiffs by $13,077.75 is comprised of the following:  1) $9,512.75, for excessive time billed on the class certification motion and for insufficient documentation of such time; 2) $480.00 for time spent by Mr. Weinberg working on the Joint Status Report after it was filed; 3) $900.00, for the unsupported fees of John C. Allen; 4) $1,760.00, for post-offer attorneys' fees; and 5) $425.00, for fees for administrative tasks performed by Mr. Ginsberg.    Defendants also request that the Court refuse to award costs to Plaintiffs, as such costs have not been established.

Dated June 26, 2013.                              Respectfully submitted,


                                                  /s/Maricela Siewczynski Moore
                                                  Maricela Siewczynski Moore
                                                  Texas Bar No. 24032753
                                                  Jennifer Gadd Snow
                                                  Texas Bar No. 24051793

                                                  Farrow Gillespie & Heath LLP
                                                  1700 Pacific Avenue Ste. 3700
                                                  Dallas, Texas 75201
                                                  Telephone:  214-361-5600
                                                  Facsimile:  214-203-0651
                                                  maricela@fghlaw.net
                                                  jennifer.snow@fghlaw.net

                                                  COUNSEL FOR DEFENDANT EMPIRE
                                                  ENVIRONMENTAL GROUP, LLC

## CERTIFICATE OF SERVICE

On June 26, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Maricela Siewczynski Moore
Maricela Siewczynski Moore