IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE TORRES and JULIO BANOS, individually and on behalf of all others similarly situated, | § | |
| Plaintiffs, | § | |
| V. | § | No. 3:13-cv-723-G-BN |
| EMPIRE ENVIRONMENTAL GROUP, LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for determination of Plaintiffs' Motion for Award of Attorneys Fees and Costs [Dkt. No. 14] pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court [Dkt. No. 17]. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the motion be granted in part and denied in part.

**Background**

On February 13, 2013, Plaintiffs Jorge Torres and Julio Banos brought this suit against Defendant Empire Environmental Group, LLC for alleged violations of the Fair Labor Standards Act ("FLSA"). *See* Dkt. No 1. Plaintiffs sued in both their individual capacities and as representatives of all others similarly situated. *See id.* On April 30, 2013, Plaintiffs filed a Motion for Conditional Certification of a FLSA Collective Action. *See* Dkt. No. 11.

On May 6, 2013, pursuant to Fed. R. Civ. P. 68, Defendant served Plaintiffs with an Offer of Judgment in which Defendant offered to settle all claims for an amount equal to more than all wages and liquidated damages sought by Plaintiffs "plus all costs then accrued and reasonable attorneys' fees as determined by the Court." Dkt. No. 14-1; *see also* Dkt. No. 12. The Offer of Judgment was accepted on May 15, 2013. *See* Dkt. No. 12. On May 23, 2013, an Agreed Judgement was entered against Defendant awarding money damages in the amount of $8,390 plus costs and attorneys' fees. *See* Dkt. No. 13.

On June 6, 2013, Plaintiffs filed a Motion for Award of Attorney Fees and Costs. *See* Dkt. No 14. Plaintiffs seek $21,720 in attorney fees for 75.4 hours of work performed by attorneys Aaron Weinberg, John Allen, and Jacob Ginsberg. *See id.* at 3. The motion is supported by billing statements from John C. Allen P.C. and Ginsberg & Associates and the declarations of Aaron Weinberg and Jacob Ginsberg. *See* Dkt. No. 14-2 at 1-7; Dkt. No. 14-3 at 1-6.

Defendant filed a Response to Motion for Award of Attorney Fees and Costs on June 26, 2013. *See* Dkt. No. 15. Defendant contends that the attorneys' fees and costs sought by Plaintiffs are unreasonable and seeks a reduction in the amount of attorneys' fees to be awarded to $8,092.25. *See id.*

**Legal Standard**

Under the FLSA, an employer who violates the statute is also required to pay attorneys' fees. *See* 29 U.S.C. 216(b) ("The court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant....”); *Singer v. City of Waco*, 324 F.3d 813, 829 n.10 (5th Cir. 2003).

“This Court uses the ‘lodestar’ method to calculate attorney’s fees.” *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir.1994)); *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (“[W]e use the lodestar method to calculate an appropriate attorney’s fee award under the FLSA.”). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorneys’ fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v.*

*Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11)the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins,* 7 F.3d at 457.

**Analysis**

Plaintiffs seek $21,720 in attorneys fees. *See* Dkt. No. 14. Attorneys Aaron D. Weinberg and John C. Allen, of the firm of John C. Allen, P.C., billed a combined total of 57.4 hours. Of those hours, Weinberg billed 54.4 and Allen 3.0. Both Allen and Weinberg billed at a rate of $300 per hour. The total fees claimed by the John C. Allen, P.C. firm is $17,220, of which $16,320 were attributed to Weinberg and $900 to Allen. *See* Dkt. No. 14-2. Attorney Jacob Ginsberg, of the firm of Ginsberg & Associates, billed 18.0 hours at a rate of $250 per hour, for a total of $4,500. *See* Dkt. No. 14-3. Combining $17,220 and $4,500 results in the $21,720 amount sought by Plaintiffs.[1]

[1]The undersigned notes that, "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in

Defendant first takes issue with the amount of fees charged for preparation of the motion for conditional certification. Defendant argues that Plaintiffs' three attorneys spent 47.5 hours to prepare the motion for conditional certification, which Defendant argues is excessive and inflated by at least 65%. *See* Dkt. No. 15 at 4. Defendant's attorney provided evidence that she represents a class of plaintiffs in a similar FLSA case pending in the Eastern District of Texas in which she recently filed a motion for conditional certification that was granted. Defendant's attorney spent 14.67 hours to meet with her clients to discuss the motion, prepare declarations in support of the motion, prepare a proposed notice of consent, and research, draft, finalize and file the motion. *See* Dkt. No. 16 at 3-4. Thus, Defendant argues that Plaintiffs' attorneys spent over twice as much time as Defendant's attorney did in a comparable case and that, therefore, Plaintiffs' requested attorneys' fees are unreasonable.

The undersigned finds that, because Plaintiffs' attorneys used block billing, it is impossible to determine the exact amount of time spent on the motion for conditional certification. The term "block billing" refers to the time-keeping method by which each lawyer enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *See Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-913-D, 2005 WL 6789456, at *3 (N.D. Tex. Dec. 20, 2005). Block billing makes it difficult to determine the precise number of hours that should be reduced in each time

---

the case." *Powell v. Carey Int'l., Inc.*, 547 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008).

entry due to vague descriptions. *See id.* at *4. Plaintiffs' attorneys' block billing makes it impossible to determine, among other things, how much time was devoted to each step in preparation of the motion for conditional certification, such as investigation, legal research, drafting, meeting with clients, and filing, and how much time was devoted to other matters included in the same time entries such as telephone conferences with no indication of the subject matter discussed, reviewing or preparing other documents filed in the case, or legal research on issues other than those directly related to the motion for conditional certification. For example, Weinberg's time entry for February 4, 2013 reflects that he spent 3.6 hours on legal research regarding conditional certification and notice, drafting the complaint, and participating in a telephone conference with Jacob Ginsberg. On March 7, 2013, Weinberg spent 5.1 hours on legal research regarding the motion for conditional certification and reviewing the answer and a preliminary order and participating in a telephone conference with Ginsberg. The 8.7 hours billed by Weinberg on those two days cannot all be attributed to the motion for conditional certification. On April 8, 2013, Allen billed .4 hours for receipt and review of declarations, which were presumably related to the motion for conditional certification, and receipt and review of initial disclosures, which presumably were not.

Defendant also argues the 3.0 hours billed by Allen should be excluded from the attorney's fee award for two reasons. First, Defendant argues that all of the work performed by Allen was duplicative of tasks performed by Weinberg. The Court may exclude any hours that it determines "are excessive, redundant, or otherwise

unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Allen billed 3.0 hours in this case, 2.4 of which were for "receipt and review" of various documents including the answer, the court's order regarding status report, declarations, initial disclosures, and the motion for conditional certification, and .6 were to review and revise the joint status report. The undersigned finds that this work was, for purposes of Plaintiffs' fee application, duplicative and unnecessary. Second, Defendant challenges Allen's rate of $300 per hour because there is no evidence of Allen's qualifications or experience. Both Weinberg and Ginsberg submitted sworn declarations in which they described their respective qualifications and experience, and Defendant does not challenge the hourly rates of either Weinberg or Ginsberg. But Defendant challenges the hourly rate charged by Allen because there is no such evidence in the record concerning Allen. The fee applicant bears the burden to substantiate the hourly rate, *see id.* at 437, and the undersigned concludes that Allen's billing rate is not properly supported by the evidence. For these reasons, the undersigned finds that the 3.0 hours billed by Allen should not be included in the attorneys' fee award.

Defendant also challenges Weinberg's $480 fee for 1.6 hours billed on March 29, 2013 to draft the joint status report and participate in a telephone conference as unnecessary because the joint status report was filed the previous day, on March 28, 2013. And Defendant challenges Weinberg's entries for April 16, 2013 and April 30, 2013, in which he billed .6 and .7 hours, respectively, for "attention to motion for conditional certification" as being inadequately documented because they are too vague for the Court to determine what type of legal work, if any, was purportedly done. The

undersigned finds that these fees should not be included in the attorney's fee award.

Defendant also challenges $425 billed by Ginsberg for clerical work. On March 26, 2013, Ginsberg billed .4 hours to read a letter from opposing counsel and then fax it to co-counsel. On four other dates, Ginsberg billed .3 hours to fax documents to co-counsel, and, on one of them, he miscalculated the amount of fees for doing so as $125, instead of $75. Time spent on clerical work is not compensable at the same rate as legal work performed by an attorney. *See Barrow*, 2005 WL 6789456, at *12 (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). The undersigned concludes that the 1.5 hours billed by Ginsberg for faxing documents should not be included in the attorneys' fee award.

Defendant also challenges $1,760 in attorney's fees claimed by Plaintiffs that were incurred after Defendant made its offer of judgment. Defendant made an offer of judgment on May 6, 2013, in which it offered to pay specific amounts of damages "plus all costs then accrued and reasonable attorneys fees as determined by the Court." Dkt. No. 14-1 at 3-4. The offer was accepted on May 15, 2013, and the Court entered an agreed judgment memorializing Plaintiffs' acceptance of the offer of judgment and incorporating verbatim the terms of the offer of judgment concerning payment of costs and attorneys' fees. *See* Dkt. No. 13. After the offer of judgment was made, Weinberg and Ginsberg charged $1,760 in fees for evaluation, legal research, and discussions with their clients concerning the offer of judgment. Defendant contends that the offer of judgment included only the attorneys' fees incurred before the offer was made.

Rule 68 provides that "a party defending against a claim may serve on an

opposing party an offer to allow judgment on specified terms, with the costs then accrued." FED. R. CIV. P. 68. Courts apply general contract principles to interpret Rule 68 offers of judgment. *See Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 453 (5th Cir. 2003) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988)). If the underlying statute defines "costs" to include attorneys' fees, such fees are included as costs for purposes of Rule 68. *See Marek v. Chesny*, 473 U.S. 1, 9 (1985) (construing Rule 68 in 42 U.S.C. § 1983 case and holding attorneys' fees included in costs because underlying statute defined costs to include attorneys' fees). The FLSA defines attorneys' fees separately from costs, however. *See* 29 U.S.C. § 216(b); *Tran v. Thai*, No. H-08-3650, 2011 WL 742572, at *2 (S.D. Tex. Feb. 23, 2011) (explaining that attorneys' fees are not automatically shifted by Rule 68 in FLSA case because the underlying statute does not define costs to include attorneys' fees). For attorneys' fees to be covered by the offer of judgment, therefore, the fees must have been explicitly included in the terms of the offer of judgment – which they were. Defendant's offer of judgment was for "all costs then accrued and reasonable attorneys' fees as determined by the Court." While the costs were expressly limited to those accrued at the time the offer was made, under the plain terms of the agreement, the attorneys' fees were not. Therefore, the undersigned concludes that Plaintiffs' attorneys can recover for reasonable attorneys' fees incurred after the offer of judgment was made.

To summarize, the undersigned recommends that the following not be included in the lodestar amount: 3.0 hours billed by Allen, which are duplicative of work

performed by others and unnecessary; 1.5 hours billed by Ginsberg for faxing documents; 1.6 hours billed by Weinberg for work on the joint status report after the report had been filed; and 1.3 hours billed by Weinberg for "attention to" the motion for conditional certification. Accordingly, Weinberg's 54.4 billed hours would be reduced by 2.9 hours to 51.5 hours, Ginsberg's 18.0 billed hours would be reduced by 1.5 hours to 16.5 hours, and Allen's three billed hours would be reduced to zero.

Then, considering evidence that Defendant's attorney performed similar work in a similar case but spent considerably less time doing so than is reflected in Plaintiff's attorneys' block billing records, the undersigned concludes that the hours billed by Weinberg and Ginsberg should be further reduced by 50%. Percentage reductions are appropriate when attorneys engage in block billing. *See Barrow*, 2005 WL 6789456 at *5 (citations omitted). That reduction would result in 27.2 hours for Weinberg at $300 per hour, or $8,160, and 8.25 hours for Ginsberg at $250 per hour, or $2,062.50, for a total lodestar amount of attorneys' fee of $10,222.50.

The Court next considers whether the lodestar amount should be further increased or decreased in consideration of the *Johnson* factors. Both Weinberg and Ginsberg addressed the *Johnson* factors in their declarations in support of Plaintiffs' Motion for Award of Attorneys Fees and Costs. *See* Dkt. No. 14-2 at 1-4; Dkt. No. 14-3 at 1-4.

Most significantly, Plaintiffs' attorneys argue that this case is novel and difficult because of the effect on the case of the Supreme Court's opinion in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), which was handed down on April 16, 2013.

*See* Dkt. No. 14-2 at 2; Dkt. No. 14-3 at 2. In that case, the Supreme Court held that a defendant could "pick off" plaintiffs in a FLSA collective-action case by making a Rule 68 offer of judgment providing plaintiff complete relief on his FLSA claim before the collective-action process had run its course. *See id.* at 1532. In this case, Plaintiffs filed their Motion for Conditional Class Certification on April 30, 2013, which was two weeks after the *Genesis Healthcare* case was decided, and Defendant made its Offer of Judgment on May 6, 2013. In the similar case handled by Defendant's attorney to which she compares this case, the Motion for Conditional Certification was filed on April 16, 2013, the same day that *Genesis Healthcare* was decided, and the motion was granted on June 14, 2013. *See* Dkt. No. 16 at 4. Thus, the undersigned concludes that the *Genesis Healthcare* decision was not a factor in the case handled by Defendant's counsel and that it was reasonable for Plaintiffs' attorneys to incur additional fees to ascertain the effect of the *Genesis Healthcare* decision in this case.

Other *Johnson* factors impacted by the *Genesis Healthcare* case include the undesirability of the case and whether the fee was fixed or contingent. The fee agreement between Plaintiffs and their attorneys provided for the payment of a 40% contingency of the recovery of the putative class. *See* Dkt. No. 14-2 at 3; Dkt. No. 14-3 at 3. According to Plaintiffs' attorneys, individual FLSA overtime claim cases are inherently undesirable. *See id.* The Rule 68 offer of judgment effectively thwarted the collective action, eliminating the possibility of collecting the contingent fee and making the case undesirable because of the small amounts at stake for each individual FLSA overtime claim.

Another *Johnson* factor impacted by the *Genesis Healthcare* decision is the amount involved and the results obtained. As a result of the Rule 68 offer of judgment, Plaintiffs received more than a 100% recovery on their claims and could not have received a better judgment. However, the amount involved is smaller than it may have been had the collective action not been cut off by the offer of judgment.

As to the other *Johnson* factors, Plaintiffs' attorneys assert that this case required a heightened level of skill because of the additional procedural and substantive requirements necessary to maintain a collective action and that there are significant time limitations in FLSA collective actions. *See id.* at 2-3. Without explanation, Plaintiffs' attorneys assert that the time spent working on the case was necessary to secure the positive result that was obtained, that the case required a substantial investment of time and effort and precluded work on other cases, and that their hourly rates are reasonable in light of fees customarily charged in similar litigation. *See id.* at 1-3. Plaintiffs' attorneys had no prior relationship with the Plaintiffs, so they claim additional investigation into Plaintiffs' backgrounds and the circumstances surrounding their employment was required. *See id.* at 3. Plaintiffs' attorneys based their claim that the requested attorney's fee award in this case is reasonable on their experience in complex commercial litigation and not FLSA cases. *See id.* at 4.

The undersigned concludes that the lodestar amount should be adjusted upward by 25% to account for the additional work required by the Supreme Court's *Genesis Healthcare* decision. That would increase Weinberg's hours from 27.2 to 34.0, and

Ginsberg's hours from 8.25 to 10.3. Applying their billing rates of $300 and $250 an hour, respectively, Weinberg would be entitled to an award of $10,200, and Ginsberg to $2,575, for a total award of reasonable attorney's fees in the amount of $12,775.

Defendant also challenges the amount of costs reflected on Plaintiffs' attorneys' billing statements. Dkt. No. 15 at 9-10. The offer of judgment included costs, and Plaintiffs' motion is titled Motion for Award of Attorneys Fees and Costs, but nowhere in the motion itself or in their declarations in support of the motion do Plaintiffs' attorneys mention or request an award of costs. *See* Dkt. No. 14. Weinberg's billing statement, however, reflects a charge for $910.04 for "Total Expenses." Defendant argues that these costs are not supported by the evidence because Weinberg does not declare that the costs were necessarily incurred or related to the case. 28 U.S.C. § 1924 provides:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

*See also Barrow*, 2005 WL 6789456, at *27-*28. According to the terms of the offer of judgment, Plaintiffs would be entitled to recover their costs. However, even though it is unclear whether Plaintiffs actually seek an award of costs, the undersigned concludes that they have not submitted evidence to support such an award.

**Recommendation**

Plaintiffs' Motion for Award of Attorneys Fees and Costs [Dkt. No. 14] should

be granted in part and denied in part, and Plaintiffs should be awarded $12,775 in reasonable attorneys' fees.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE